UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number 09-62007-CIV-COOKE/BANDSTRA

DEBRA YANAVOK, on her own behalf
and others similarly situated,

       Plaintiff,

vs.

NOTTINGHAM & ANENBERG, P.A.,
a Florida corporation, and CHARLES NOTTINGHAM
individually,

       Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

Defendants, NOTTINGHAM & ANENBERG, P.A., and CHARLES NOTTINGHAM, individually (hereinafter "Defendants") by and through their undersigned counsel and pursuant to his Court's Order hereby file their Response to Plaintiff's Statement of Claim and state as follows:

Plaintiff was employed by Defendants as a dental assistant. Plaintiff is further correct in her Statement that Plaintiff was properly compensated for any overtime hours worked prior to October 2008. Plaintiff's amounts in her Statement of Claim are denied. Most obviously, the amounts do not even add up to the amounts she seeks. Missed overtime payments, if any, seemed to happen as a result of a combination of Plaintiff's improperly categorizing her time and error by Plaintiff in her weekly time calculations.

Plaintiff's Statement of Claim listed a work schedule of alleged regular hours which Defendants deny. Assuming *arguendo* that you accept Plaintiff's alleged schedule, the hours for that work week would only add up to just over 43 hours per week. While Defendants continue to maintain such is inaccurate, Plaintiff without providing any evidence or proper basis disputes her own Statement of Claim and seeks 5 hours of overtime per week. More importantly, Plaintiff personally recorded her time and those time records dispute her Statement of Claim and are being provided to Plaintiff under separate cover. Such cursory approach and mathematical mistakes highlights the inaccuracy of Plaintiff's claims.

Based on a review of the time records, there may have been two pay periods in November of 2008 where Plaintiff may inadvertently not have been paid $51.00 based on a possible 4.25 hours of overtime. Since Plaintiff was paid overtime on any hours above 40 for all other periods to which she seeks recovery in 2008, such error if it exists was not intentional. Defendants are attempting to ascertain if this mis-payment did actually occur or whether Plaintiff was paid such by separate check. Plaintiff continued to write down her time records daily for 2009. Plaintiff rarely worked in excess of 40 hours from the period of January 1, 2009 until her termination from the Company in July 2009. During 2009 on approximately four occasions Plaintiff began tracking her overtime differently and used certain hours at her whim. Plaintiff's records as identified will show that she worked nowhere near the schedule that she alleged in her Statement of Claim. It appears from review of actual records assuming *arguendo* Plaintiff's request to record her time in a different manner was overtime, Plaintiff would only be owed 11.75 hours at half time for a total of $141.00. At the time she was terminated Plaintiff and Defendants may have accidently failed to identify $81.00 in additional money that may be owed to Plaintiff. Defendants maintain that Plaintiff's handwritten daily work records for the time

period dispute her own claims. Throughout the period of her employment if Plaintiff worked in excess of 40 hours, she was regularly compensation for overtime at a rate of time and one-half her salary.

Wherefore, if Defendants missed some time due to Plaintiff's own record keeping and her request for schedule flexibility such actions were certainly not willful and should not be liquidated. While Defendants are presently reviewing and obtaining copies of cancelled checks in an abundance of caution assuming *arguendo* Plaintiff is entitled to overtime it appears that Plaintiff would only be owed a maximum of $273.00. Defendants deny Plaintiff's claim of her regular work week which is contradicted by Plaintiff's own filing and the actual records. The time records are being provided by U.S. Mail to Plaintiff's counsel and no other work should be required by Plaintiff's counsel to determine any possible overtime that may not have been paid as described above. Defendants deny Plaintiff's right to any liquidated damages.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Court CM/ECF docketing system with notice being electronically sent to all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF this **8th** day of **February, 2010.**

        Respectfully submitted,

        LIEBERMAN DANZ & KRONENGOLD, P.L.
        Counsel for Defendants
        1301 International Parkway, Suite 140
        Fort Lauderdale, FL  33323
        Telephone:  (954)385-5400
        Facsimile:   (954)385-5444

        By:      /s/ Scott D. Lieberman
             Scott D. Lieberman
             Florida Bar No. 962678
             slieberman@ldklaw.com

## SERVICE LIST
*Debra Yanavok vs. Nottingham & Anenberg, P.A.,*
*and Charles Nottingham, individually*
**Case No.: 09-62007-CIV-COOKE/BANDSTRA**
**United States District Court, Southern District Of Florida**

Scott D. Lieberman, Esq.
Florida Bar No. 962678
slieberman@ldklaw.com
LIEBERMAN DANZ & KRONENGOLD, PL
1301 International Parkway, Suite 140
Fort Lauderdale, Florida 33323
Telephone: (954) 385-5400
Facsimile: (954) 385-5444
*Attorneys for Defendants*

Keith M. Stern
Florida Bar No. 321000
kstern@shavitzlaw.com
Michael L. Scheve
Florida Bar No. 0033640
mscheve@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Highway, Suite 404
Fort Lauderdale, FL  33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
*Attorneys for Plaintiff*