**CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE**

1.   This Confidential Settlement Agreement and General Release ("Agreement") covers all understandings between DEBRA YANAVOK (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, beneficiaries, assigns, personal representatives, and heirs), and Defendants, NOTTINGHAM & ANENBERG, P.A. and CHARLES NOTTINGHAM (hereinafter collectively referred to as "Defendants," a term which includes Kenneth Anenberg and each and every current and former officer, director, employee, consultant, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2.   For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

   A.   To settle any and all claims and actions of any nature whatsoever between Plaintiff and Defendants and release and forever discharge Defendants of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiff's alleged employment with Defendants, or related to the transactions or matters which are the subject matter of the lawsuit CASE NO.: 09-62007-CIV-COOKE/BANDSTRA (the "Action"), pending in the United States District Court for the Southern District of Florida, including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Employee Retirement Income Security Act of 1974, the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Rehabilitation Act of 1973, the Fair Labor Standards Act, the Equal Pay Act of 1963, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act, and the Florida Civil Rights Act. This is not a complete list, and Plaintiff waives and releases all similar rights and claims under all other federal, state and local discrimination provisions and all other statutory and common law causes of action relating in any way to Plaintiff's employment or separation from employment with Defendants, or otherwise, and whether such claims are now known or unknown to Plaintiff, from the beginning of the world to the effective date of this Agreement, except that this release does not compromise, waive, or prejudice any claims for unemployment compensation benefits consistent with Florida Statutes §443.041(1), or any claims arising from work-place injuries, including but not limited to claims for worker's compensation benefits or worker's compensation relief consistent with Florida Statutes §440.21.

   B.   To facilitate the dismissal of CASE NO.: 09-62007-CIV-COOKE/BANDSTRA, pending in the United States District Court for the Southern District of Florida, by filing a Joint Motion for Approval and Dismissal With Prejudice, providing this

1

       Agreement to the Court.

C. To agree and acknowledge that this settlement is the full and final resolution of a disputed claim and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff.

D. Not to disclose the terms of this Agreement to anyone except the attorney representing Plaintiff in this matter, Plaintiff's tax advisors (who, in turn, shall also agree not to disclose this Agreement to any third parties) or as compelled by force of law. In the event Plaintiff is compelled by force of law to disclose the contents of this Agreement, Plaintiff agrees that notice of receipt of the judicial order or subpoena shall be immediately communicated to Defendants' counsel, Scott D. Lieberman of Lieberman Danz & Kronengold, P.L., 1301 International Parkway, Suite 140, Fort Lauderdale, Florida 33323, (954) 385-5400 telephonically and confirmed immediately thereafter in writing so that Defendants will have the opportunity to assert what rights it may have in non-disclosure prior to any response to the order or subpoena.

E. In the event that it is determined by a court of competent jurisdiction that Plaintiff disclosed the terms of this Agreement in violation of paragraph 2 of this Agreement, then this event shall be deemed a material breach, and Defendants shall be entitled to One Thousand and 00/100 Dollars ($1,000.00) from Plaintiff as liquidated damages, in addition to seeking injunctive relief. In such event, the release contained herein shall remain in full force and effect. The prevailing party or parties to any suit for breach of this Agreement shall be entitled to fees and costs.

3. For and in consideration of the promises outlined in Paragraph 2 of this Agreement, Defendants agree to pay consideration as follows:

A. On or before June 7, 2010, Plaintiff (i) one check in the gross amount of $1,500.00, less applicable tax withholdings for alleged overtime wages, and (ii) a separate check made payable to Plaintiff for $1,500.00 for alleged liquidated damages, from which no withholdings shall be taken and for which an IRS Form 1099 will later be issued for the tax year 2010; and

B. On or before June 7, 2010, Plaintiff's Counsel one check in the amount of $4,500.00 made payable to Shavitz Law Group, P.A. (Tax ID#: 65-0969405), for which an IRS Form 1099 will later be issued for the tax year 2010, in consideration of $945.00 in costs and $3,555.00 in attorneys' fees.

C. Defendants agree and acknowledge that this Agreement must be filed with the Court for approval.

Plaintiff's Counsel shall hold in escrow settlement checks until an Order of Dismissal With Prejudice has been issued by the Court. If Defendants fail to make the payments set forth herein, Plaintiff shall, after providing Defendants with written notice of default and ten (10) days to cure same, be entitled to a consent judgment in the amount of $7,500.00 against Defendants, jointly and severally, less any amounts already paid and cleared.

4. Defendants make no representations to Plaintiff as to the taxability of this payment, and specifically directs Plaintiff to seek competent tax advice. Plaintiff shall indemnify and hold Defendants harmless for any unpaid taxes, interest, penalties or costs relating to this Agreement.

5. In exchange for the consideration above, Defendants release Plaintiff from any and all claims, charges, actions and causes of action of any kind or nature that Defendants once had or now has, whether arising out of Plaintiff's employment or otherwise, and whether such claims are now known or unknown to Defendants from the beginning of the world to the date of these presents, except for any defenses to those claims excepted from the release being provided by Plaintiff in Paragraph 2A above.

6. Defendants agree not to disclose the terms of this Agreement to any prospective employer of, or any third party making any inquiry about, Plaintiff. If Defendants are contacted by any prospective or current employer of Plaintiff, or any other third party making any inquiry about Plaintiff, Defendants shall only confirm Plaintiff's dates of employment and job position but shall not make disparaging remarks about or against Plaintiff. Plaintiff agrees not to undertake any disparaging conduct directed at Defendants and to refrain from making any negative or derogatory statements concerning Defendants or to cast them in a negative light.

7. In the event that Plaintiff or Defendants commences an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

8. Plaintiff agrees that with respect to the claims released herein, she is waiving not only her right to recover money or other relief in any action that she might institute, but also that she is waiving any right to recover money or other relief in any action that might be brought on her behalf by any other person or entity including, but not limited to, the United States Equal Employment Opportunity Commission ("EEOC") or any other federal, state or local governmental agency or department. However, nothing in this Agreement precludes Plaintiff from filing a charge with, or participating in any investigation or proceeding before, any federal, state, or local governmental agency, such as the EEOC.

9. Plaintiff and Defendants agree that this Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

3

10. Plaintiff agrees that she will not apply for, or otherwise seek, employment with any of the Defendants. Plaintiff acknowledges and agrees, that Defendants have no obligation to rehire, re-employ or recall her in the future, and Plaintiff hereby waives any and all claims against the Defendants for any failure or refusal to hire Plaintiff for any reason whatsoever.

11. <u>Knowing and Voluntary Waiver of Rights</u>. Plaintiff enters into this Agreement freely and voluntarily without any duress or coercion, and after carefully and completely reading and understanding all of the terms and provisions of this Agreement. Plaintiff acknowledges that Defendants, by this paragraph, is advising Plaintiff to consult with an attorney before signing this Agreement, and that she has in fact reviewed this Agreement with her attorneys prior to executing this Agreement. Plaintiff also acknowledges that she has been allowed to consider this Agreement for twenty-one (21) days prior to signing it. Plaintiff further understands she is releasing Defendants (as defined herein) from any and all claims, the Action and any other disputes. Plaintiff further understands that any rights or claims under the Age Discrimination in Employment Act that may arise after the date of this Agreement are not waived.

12. <u>Rescission</u>. This Agreement shall not become effective for seven (7) days following the date Plaintiff signs it, during which time Plaintiff may rescind it by written notice to Defendants. If Plaintiff does rescind this Agreement, this Agreement will be ineffective and Defendants will have no obligation to pay or provide any of the consideration set forth in Paragraph 3 above. To be effective, any rescission must be in writing and hand delivered or mailed to: Nottingham & Anenberg, P.A., Attn: Alex Nottingham, 7401 N. University Drive, Suite 207, Tamarac, FL 33321, within the seven (7) day period. If mailed, the rescission must be postmarked within the seven (7) day period, properly addressed as set forth in the preceding sentence and sent by certified mail, return receipt requested. If delivered by hand, it must be given to Alex Nottingham, or his approved designee within the seven (7) day period. This rescission period shall include, and not be in addition to, the seven (7) day rescission period under the Age Discrimination in Employment Act.

13. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by Plaintiff and an authorized representative of Defendants.

14. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

15. The law governing this Agreement shall be that of the United States and the State of Florida.

15. The law governing this Agreement shall be that of the United States and the State of Florida.

DATE:_____        Signature:_____
                                DEBRA YANAVOK

DATE: 5/27/10         Signature: *Marian S Taylor C/o Nottingham & Anenberg P.A.*
                                NOTTINGHAM & ANENBERG, P.A.

DATE: 5/27/10         Signature: *Charles Nottingham*
                                CHARLES NOTTINGHAM, Individually

DATE 5/27/10            Signature: _____
                                        DEBRA YANAVOK

DATE: _____   Signature: _____
                                        NOTTINGHAM & ANENBERG, P.A.

DATE: _____   Signature: _____
                                        CHARLES NOTTINGHAM, Individually